*504 MEMORANDUM *
Ying Qing Chen (“Chen”), a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) dismissing his appeal of the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and Convention Against Torture (“CAT”) relief. Chen asserted past persecution and a fear of future persecution on account of his practice of the banned religion Zhong Gong. The BIA, in a full opinion, affirmed the IJ’s denial of relief in all respects, including an affirmance of the IJ’s frivolous asylum application determination. The parties are familiar with the facts of the case and we need not recite them here.
I.
Preliminarily, we find that Chen has preserved his claims regarding the denial of withholding of removal and CAT relief, as those claims were presented in Chen’s Notice of Appeal before the BIA. See Ladha v. INS, 215 F.3d 889, 903 (9th Cir.2000). Chen has also preserved his claim regarding the frivolous asylum application determination. While only briefly alluded to in his brief before the BIA, the Board chose to fully address the claim in its decision, which satisfied the policy concerns underlying the exhaustion requirement. See Socop-Gonzalez v. INS, 272 F.3d 1176, 1186 (9th Cir.2001) (en banc).
II.
Chen did not provide a sufficient explanation for the discrepancy in the timing of his Belizean visas and his persecution to compel a finding that the adverse credibility determination was not supported by substantial evidence. See Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir.2001). We need not decide whether Chen waived the argument that his dismissal notice independently established his asylum eligibility or whether the dismissal notice was properly rejected by the IJ. The dismissal notice itself cannot prove that Chen was persecuted without his corroborating testimony: it does not indicate Chen was detained, beaten, prosecuted, or suffered any ongoing persecution sufficient to qualify him for asylum relief. See, e.g., Zehatye v. Gonzales, 453 F.3d 1182, 1186 (9th Cir.2006); Al-Saher v. INS, 268 F.3d 1143, 1146 (9th Cir.2001). Because Chen cannot satisfy the requirements for asylum relief, he also has not presented evidence which compels reversal of the denial of his withholding of removal claim. See Zehatye, 453 F.3d at 1190.
III.
Though the IJ impermissibly allowed the adverse credibility determination to color the CAT determination, see Kamalthas v. INS, 251 F.3d 1279, 1282 (9th Cir.2001), the BIA did not commit the same error, but instead held that Chen failed to meet his burden of proof under the applicable regulations. Chen has not submitted sufficient evidence to compel a contrary finding.
IV.
Applying the factors outlined in In re Y-L-, 24 I. & N. Dec. 151 (BIA 2007), and adopted by this court in Ahir v. Mukasey, 527 F.3d 912, 917 (9th Cir.2008), we affirm the fraudulent asylum application determination. Chen had proper notice of the consequences of filing a frivolous application through both the conspicuous warning printed on his Form 1-589 asylum application and the IJ’s verbal warning before he accepted his asylum application. *505 Both the IJ and the BIA made specific findings regarding the discrepancies between Chen’s testimony and the documentary evidence. Chen did not offer any plausible explanation for the presence of a March stamp on his visa, following his arrest in May. The IJ and BIA were entitled to consider Chen’s failure to account for the discrepancy as the functional equivalent of an admission that Chen lied on his asylum application. See Ahir, 527 F.3d at 918. Finally, the IJ made it clear that he believed Chen had not adequately explained the discrepancy, and gave him an additional opportunity to clarify it before rendering his decision, which Chen declined to do. Chen had notice that his previous explanation was insufficient to account for the discrepancy.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.